UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**MEGAN HANSON,**

   Plaintiff,

v.                                        No. 4:25-cv-01046-P

**AMERICAN AIRLINES, INC.,**

   Defendant.

## MEMORANDUM OPINION & ORDER

Before the Court is Defendant American Airlines, Inc.'s ("American") Motion to Dismiss ("Motion"). ECF No. 5. Having considered the Motion, applicable law, and other relevant docket filings, the Court will **GRANT** the Motion.

## BACKGROUND

Plaintiff Megan Hanson became a flight attendant for American in 2014. ECF No. 1 at 2. By 2022, Hanson was terminated for documented attendance issues. ECF No. 1 at 2. Hanson returned to American in March 2023 under a Last Chance Agreement, that set numerous conditions for Hanson's reinstated employment. ECF No. 1 at 2.

In January 2023, Hanson was arrested and later indicted in May for felony drug possession. ECF No. 1 at 2–3; ECF No. 2 at 2. On April 16, 2024, Hanson entered into a Pre-Trial Diversion Contract and, as a part of that contract, signed a Judicial Confession pleading guilty to the charged felony offense. ECF No. 6 at 1–5.[1]

---

[1] "Normally, in deciding a motion to dismiss for failure to state a claim, courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996). However, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Polnac v. City of Sulphur Springs*, 555 F. Supp. 3d 309, 324 (E.D. Tex. 2021) (citing *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir.

On August 8, 2024, American placed Hanson on an involuntary 90-day leave of absence, citing unresolved clearance issues. ECF No 1 at 3. On November 7, 2024, American terminated Hanson's employment, citing her ineligibility for security clearance. ECF No. 1 at 3.

Hanson filed the above-captioned case on September 25, 2025. ECF No. 1. Hanson alleges that American violated Title VII of the Civil Rights Act (discrimination based on race, sex, and national origin and retaliation), the Americans with Disabilities Act (ADA) (failure to accommodate and retaliation), and Texas Labor Code Chapter 21 (Chapter 21) (hostile work environment). American then filed the pending Motion on October 23, 2025. ECF No. 5. The Motion is now ripe for review.

## LEGAL STANDARD

Rule 12(b)(6) allows a defendant to move to dismiss an action if the plaintiff fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12 (b)(6). In evaluating a Rule 12(b)(6) motion, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *See Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) (quoting *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir. 1986)). "Further, 'all questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor.'" *Id.* (quoting *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001)).

However, courts are not bound to accept as true legal conclusions couched as factual allegations. *See In re Ondova Ltd.*, 914 F.3d 990, 993 (5th Cir. 2019) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The well-pleaded facts must permit the court to infer more than the mere possibility of misconduct. *See Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). That is, the complaint must allege enough facts to move the claim across the line

---

2007). "A public record is one required by law to be kept, or necessary to be kept, in the discharge of a duty imposed by law or directed by law to serve as a memorial and evidence of something written, said, or done." *Id.* (internal citation omitted). Thus, as a public record, the Court takes judicial notice of the Wise County court records and considers them in this Order.

from conceivable to plausible. *See Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Determining whether the plausibility standard has been met is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (quoting *Iqbal*, 556 U.S. at 663–64).

## ANALYSIS

Hanson is unqualified for the Flight Attendant Position as a matter of law. Therefore, her claims likewise fail as a matter of law. Furthermore, Hanson fails to sufficiently plead her claims. Therefore, the Motion should be granted as to all claims.

### A. Hanson is unqualified for the Flight Attendant Position as a matter of law.

Flight attendants, as a flight crew member, must maintain security clearance to access certain parts of the airport unescorted. *See* 49 C.F.R. §§ 1542.205(b), 1542.207, 1542.209, 1544.229. Without such clearance, the individual cannot be employed as a flight attendant. *See id.* The Transportation Safety Administration ("TSA") regulations govern the ability to receive and maintain the requisite clearance. *See id.*

Federal regulations bar security clearance for individuals with a "disqualifying offense, as described in § 1544.229(d)." *See* 49 C.F.R. § 1544.230(b). "An individual has a disqualifying criminal offense if the individual has been convicted" of felony-level possession of a controlled substance punishable by a maximum term of imprisonment of more than 1 year. 49 C.F.R. § 1544.229(d). Thus, the regulations prohibit an airport operator from employing flight crew members who have been "convicted" of felony-level possession of a controlled substance. "Conviction" is not defined in the regulation.

Here, Hanson was arrested for, indicted on, and plead guilty to felony drug possession. *See, generally*, ECF Nos. 1, 5, 8. Hanson does not dispute the plain language of the regulations—that a conviction of felony drug possession with potential of imprisonment of more than 1 year constitutes a "disqualifying offense." ECF No. 8 at 3–4. Rather, Hanson contends that "*Texas law* is clear that pretrial diversion is not a

3

conviction" and "[a] judicial confession is not a conviction unless reduced to a judgment." ECF No. 8 at 3 (emphasis added). Conversely, American posits that, because the regulations fail to define "conviction," "the Court should consider analogous federal law and interpretations, which supports a determination that a 'conviction' under TSA regulations include those guilty pleas resulting in pretrial diversion." ECF No. 9 at 3. Because federal law, not Texas law, governs the dispute at hand, the Court agrees with American.

The Fifth Circuit has broadly interpreted "conviction" when federal regulations or statutes fail to define the term. *United States v. Mills*, 843 F.3d 210, 215 (5th Cir. 2016) ("Indeed, this court has previously held that a deferred adjudication qualifies as a conviction in a federal sentencing context substantially similar to this one, and there too the term was not expressly defined."); *United States v. Daniels*, 588 F.3d 835, 837 (5th Cir. 2009) (holding that "guilty pleas resulting in deferred adjudications and other diversionary dispositions count toward the career-offender total . . . even if a conviction is not formally entered" under the federal sentencing guidelines). In fact, the Federal Sentencing Guidelines define "convicted of an offense" as the following: "that the guilt of the defendant has been established, *whether by guilty plea*, trial, or plea of nolo contendere." U.S.S.G. 4A1.2 (emphasis added). Accordingly, "conviction" under the TSA guidelines likewise has a broad meaning and encompasses a guilty plea, such as Hanson's. This interpretation aligns with analogous federal law and interpretations and promotes consistency across the federal regulations.

Here, once Hanson's guilty plea, and thus "conviction," occurred for a disqualifying offense, Hanson became ineligible to be a flight crew member for she could not maintain the requisite security clearance. Her claims thus fail as a matter of law because Hanson is unqualified for the flight attendant position under the federal regulations.

### B. Hanson fails to plausibly state a right to relief regarding any of her claims.

Furthermore, Hanson's allegations are conclusory and fail to plausibly state a right to relief on any of her claims. While the Court is

duty-bound to accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff, the Court is not bound to accept as true legal conclusions couched as factual allegations. *See In re Ondova Ltd.*, 914 F.3d at 993 (quoting *Papasan*, 478 U.S. at 286). Hanson's allegations are no more than legal conclusions couched as factual allegations.

1. <u>Title VII claim for sex, race, and national origin discrimination</u>

With a Title VII claim, a plaintiff may prove discrimination or retaliation by direct or circumstantial evidence. *Ayorinde v. Team Indus. Services Inc.*, 121 F.4th 500, 507 (5th Cir. 2024). Where, as here, the plaintiff relies on circumstantial evidence, the claim is analyzed under the burden-shifting framework outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Id.* "Under *McDonnell Douglas*, a plaintiff has the initial burden of establishing a *prima facie* case of discrimination." *Id.* (quoting *Ross v. Judson Indep. Sch. Dist.*, 993 F.3d 315, 321 (5th Cir. 2021). If achieved, the burden then shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its action. *Id.* Thus, to survive the 12(b)(6) standard, Hanson must first establish a *prima facie* case of discrimination.

Hanson cannot establish a *prima facie* case of discrimination. To establish a *prima facie* case, Hanson must show that she: "(1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group." *Ayorinde*, 121 F.4th at 507 (quoting *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007)). However, as established above, Hanson was not qualified to be a crewmember as a matter of law when she plead guilty to a disqualifying offense and was therefore "convicted" under the TSA guidelines.

Thus, Hanson fails to state a claim upon which relief can be granted regarding her Title VII discrimination claims.

2. <u>ADA claim of discrimination</u>

"The ADA prohibits discrimination against a qualified individual based on the individual's disability." *Gosby v. Apache Indus. Services, Inc.*, 30 F.4th 523, 525 (5th Cir. 2022). A plaintiff may prove an ADA case in the same manner as a Title VII case regarding direct or circumstantial evidence. *Id.* Like Title VII, a case where the plaintiff uses only circumstantial evidence proceeds under the *McDonnell Douglas* framework. *Id.* Thus, to establish a *prima facie* case of discrimination under the ADA, Hanson must show the following: "(1) she is disabled within the meaning of the ADA, (2) she was qualified for the job, and (3) she was fired on account of her disability." *Id.* at 526.

Again, however, Hanson was not qualified to be a crewmember as a matter of law when she plead guilty to a disqualifying offense and was "convicted" under the TSA guidelines. Therefore, Hanson fails to state a claim upon which relief can be granted regarding her ADA claim.

The Court notes that Hanson also failed to identify her claimed disability or allege facts regarding how such disability substantially limits a major life activity. *Jenes v. Sec'y of Veterans Affairs*, No. SA-22-CV-00740-OLG, 2023 WL 8582600, at *3 (W.D. Tex. Dec. 11, 2023), *report and recommendation adopted*, No. SA-22-CV-740-OLG, 2024 WL 390390 (W.D. Tex. Feb. 1, 2024) (recommending granting a 12(b)(6) motion on an ADA claim where plaintiff failed to identify a disability or allege any facts supporting an inference that plaintiff actually suffered from a disability). Here, Hanson alleged the following regarding her ADA claim:

> Hanson suffers from a medical condition that substantially limits major life activities. American was aware of her condition through her use of Family and Medical Leave Act (FMLA) leave and related medical documentation.

ECF No. 1 at 3. And:

> Plaintiff Hanson is an individual with a disability as defined by the ADA and the ADA Amendments Act. She suffers from a medical condition that substantially limits one or more major life activities.

6

ECF No. 1 at 8. These allegations are no more than legal conclusions couched as factual allegations that the Court is not bound to accept. Thus, Hanson fails to state a claim upon which relief can be granted regarding her ADA claim because she cannot establish a *prima facie* case of discrimination.

   3. ADA claim for failure-to-accommodate

Hanson similarly fails to state a claim regarding her failure-to-accommodate allegation. Hanson must prove the following elements to prevail on her failure-to-accommodate claim: "(1) the plaintiff is a qualified individual with a disability; (2) the disability and its consequential limitations were known by the covered employer; and (3) the employer failed to make reasonable accommodations for such known limitations." *Feist v. Louisiana, Dep't of Justice, Office of the Atty. Gen.*, 730 F.3d 450, 452 (5th Cir. 2013) (internal citations omitted).

As aforementioned, Hanson is not qualified to be a flight attendant, nor did she allege facts of a disability other than reciting a legal conclusion. Therefore, Hanson cannot establish a *prima facie* case for this claim because she cannot establish the first element.

   4. Retaliation claims under Title VII and the ADA

Courts also apply "the *McDonnell Douglas* burden-shifting framework to retaliation claims." *Wright v. Chevron Phillips Chem. Co.*, L.P., 734 Fed. Appx. 931, 935 (5th Cir. 2018). "A plaintiff establishes a *prima facie* case of retaliation by showing (1) he engaged in an activity protected by Title VII; (2) he was subjected to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse employment action." *Id.* (internal quote omitted). "[A] vague complaint, without any reference to an unlawful employment practice under Title VII, does not constitute protected activity." *Id.* (citing *Paske v. Fitzgerald*, 785 F.3d 977, 986 (5th Cir. 2015)).

Here, Hanson fails to plausibly plead that she engaged in activity protected by Title VII. Nor does she plausibly plead a causal connection between the alleged protected activity and her termination. Hanson claims that American kept employing her after it knew of her arrest and indictment. This knowledge and continued employment lead Hanson to

7

the conclusion that her termination for her felony guilty plea was pretextual. However, the facts are incongruent with that analysis. Hanson's arrest was in January 2023, when she was not employed by American. ECF No. 1 at 2. American re-employed Hanson in March 2023. It was not until April 16, 2024, that Hanson plead guilty to the charged felony offense. ECF No. 6 at 1–5. At that point, American took steps to investigate Hanson's clearance issues. In fact, Hanson gives no examples of alleged harassment or hostility other than events that occurred after her guilty plea.[2] Even if American did know of the *arrest and indictment*, it was not until Hanson's *guilty plea* that she became ineligible for the job in which she was employed. Thus, Hanson cannot establish a causal connection between any protected activity and her termination.

Similarly, for an ADA retaliation claim, Hanson must establish a *prima facie* case by showing the following: "(1) engagement in an activity protected by the ADA, (2) an adverse employment action, and (3) a causal connection between the protected act and the adverse action." *DeBlanc v. St. Tammany Par. Sch. Bd.*, 640 Fed. Appx. 308, 312 (5th Cir. 2016) (internal quote omitted).

"Employees who require accommodation due to a disability are responsible for requesting a reasonable accommodation." *Acker v. Gen. Motors, L.L.C.*, 853 F.3d 784, 791 (5th Cir. 2017). Requesting leave under the Family and Medical Leave Act (FMLA) "*is not* a request for a reasonable accommodation under the ADA." *Id.* (emphasis added). This is because FMLA and ADA are different statutory schemes that "have divergent aims, operate in different ways, and offer disparate relief." *Id.* (quoting *Navarro v. Pfizer Corp.*, 261 F.3d 90, 101 (1st Cir. 2001). In fact, an individual seeking FMLA leave is "arguing that he *cannot* perform the functions of the job, while an employee requesting a reasonable

---

[2]On August 8, 2024, American placed Hanson on an involuntary 90-day leave of absence, citing unresolved clearance issues. ECF No 1 at 3. On November 7, 2024, American terminated Hanson's employment. ECF No. 1 at 3.

accommodation communicates that he *can* perform the essential functions of the job." *Id.* at 791–92 (5th Cir. 2017) (emphasis in original).

Here, Hanson's Complaint establishes that she requested leave under FMLA, not the ADA.[3] Thus, Hanson did not engage in activity protected by the ADA. Nor can she establish a causal connection because she never requested leave under the ADA.

5. Hostile work environment

"A claim for hostile work environment must 'entail[] ongoing harassment, based on the plaintiff's protected characteristic, so sufficiently severe or pervasive that it has altered the conditions of employment and creates an abusive working environment.'" O*rtiz v. Eagle Mountain Saginaw Indep. Sch. Dist.*, No. 4:25-CV-0385-P, 2025 WL 1908167, at *2 (N.D. Tex. July 10, 2025) (quoting *Quintana v. Fujifilm N. Am. Corp.*, 96 F. Supp. 3d 601, 621 (N.D. Tex.), *aff'd*, 628 F. App'x 252 (5th Cir. 2015)). To establish a *prima facie* case for hostile work environment, Hanson must show the following: "(1) [s]he belongs to a protected class; (2) [s]he was subject to unwelcome harassment; (3) the harassment complained of was based on the protected characteristic; (4) the harassment complained of affected a term, condition, or privilege of employment." *Id.*

Hanson's allegations are insufficient to support a hostile work environment claim because Hanson fails to establish numerous elements of the claim. *First*, Hanson fails to establish ongoing harassment, as the standard requires. All of Hanson's allegations regarding this claim arose after she plead guilty to a disqualifying criminal event. ECF No. 1 at 3. Hanson claims to have been questioned only on August 1, 2024, placed on involuntary leave on August 8, 2024, and terminated on November 7, 2024. ECF No. 1 at 3.[4] Given that

---

[3] While Hanson's Complaint is not entirely clear whether she requested leave under the ADA or the FMLA, her Response to American's Motion is clear: "Plaintiff used FMLA leave based on her medical condition." ECF No. 8 at 6.

[4] Hanson also includes vague allegations of "disparate treatment and heightened scrutiny." ECF No. 1 at 13. However, Hanson fails to provide any

Hanson's allegations occurred during her final 90 days of employment, after her guilty plea, these events fall far from "ongoing harassment" that is "sufficiently severe or pervasive" as the standard requires. O*rtiz*, 2025 WL 1908167, at *2. This is especially true given that Hanson had worked for American for about a decade. *See* ECF No. 1 at 2. Thus, the claim should be dismissed. *See Ortiz*, 2025 WL 1908167, at *2 (Pittman, J.) (dismissing claim of hostile work environment when the plaintiff failed to "provide specific factual support to show the workplace was hostile").

*Second*, assuming *arguendo* that Hanson does establish the harassment element, she has not plead that such harassment was based on a protected characteristic. In fact, Hanson fails to provide a single example of disparate treatment. *See* ECF No. 1 at 13. Hanson fails to identify *any* other employee who plead guilty to a disqualifying offense that was then permitted to remain working for American without the requisite clearance. Thus, she cannot establish that any harassment was based on a protected characteristic.

## C. Leave to amend would be futile.

Granting leave to amend is within the discretion of the district court. *See Stripling v. Jordan Prod. Co.*, LLC, 234 F.3d 863, 872–73 (5th Cir. 2000). While leave shall be freely given if justice requires, a district court may deny leave to amend if leave would be futile. *See id.*; Fed. R. Civ. P. 15(a)(2). An amendment would be futile if "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling*, 234 F.3d at 873.

Here, Hanson is unqualified as a matter of law to remain in the flight attendant role because she cannot obtain the required security clearance. Thus, no additional allegations could possibly move her claims across the line from conceivable to plausible, rendering leave to amend futile.

---

specific instances other than being questioned and put on leave by American after her guilty plea.

## CONCLUSION

Accordingly, all claims against American, Inc. are hereby **DISMISSED with prejudice**.

**SO ORDERED** on this **31st day of December 2025.**

**MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE